IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LWANGA KISAVI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-02746-B (BT) |
| | § | |
| WARDEN PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se litigant and immigration detainee Charles Lwanga Kisavi filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. *See Kisavi v. Warden*, Case No. 3:26-cv-02632-B-BW (N.D. Tex.). The petition contained non-habeas civil rights claims, so the District Judge severed the non-habeas claims from the petition and opened this new civil, non-habeas action for their consideration. Ord. (ECF No. 5).

But Kisavi did not pay the filing fee to initiate a new civil action or obtain leave to proceed in forma pauperis (IFP). Nor were his civil rights claims presented in a complaint satisfying Federal Rule of Civil Procedure 8(a). So, on August 21, 2026, the Court issued an order and notice of deficiency (NOD), requiring Kisavi to (1) file a civil rights complaint on an approved form and (2) either pay the $405.00 filing fee or seek leave to proceed IFP by September 16, 2026. *See* NOD (ECF No. 6). The Court supplied the forms for compliance with the NOD and warned Kisavi that his failure to comply with the NOD might result in the dismissal

of this case under Federal Rule of Civil Procedure 41(b). To date, however, Kisavi has not filed an amended complaint on the approved form or paid the filing fee or moved for leave to proceed IFP, and his time to do so has passed. As a result, the District Judge should dismiss this case without prejudice under Rule 41(b).

**Legal Standards and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Kisavi's failures to file an amended complaint on a civil complaint form and to either pay the filing fee or move for leave to proceed IFP have stalled this case. The Court cannot meaningfully evaluate Kisavi's claims based on the limited allegations in his habeas petition. And Kisavi must pay the filing fee or obtain leave to proceed IFP before this case can proceed. *See* 28 U.S.C. §§ 1914, 1915. Thus, the

District Judge should dismiss Kisavi's case without prejudice under Rule 41(b) for failure to prosecute and failure to obey court orders.

**Recommendation**

The District Judge should dismiss plaintiff Charles Lwanga Kisavi's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

October 9, 2026.

______________________________
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).